## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Shariff J O'Grady,**<br><br>　　**Debtor .**<br><br><br>**THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1,**<br><br>　　**Movant,**<br><br>　　　**v.**<br><br>**Shariff J O'Grady,**<br><br>　　**Debtor**<br><br>**Albert O'Grady**,<br><br>　**Co-Debtor**<br><br>**KENNETH E. WEST,**<br><br>　　**Trustee** | **Bankruptcy No. 25-15198-djb**<br><br>**Chapter 13**<br><br>**Hearing Date: May 14, 2026**<br>**Hearing Time: 11:00 A.M.**<br>**Hearing Location:900 Market Street, Suite 201 Philadelphia, PA 19107**<br>**Courtroom Number #2** |

## MOTION OF  THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1, FOR RELIEF FROM THE sAUTOMATIC STAY
## TO PERMIT THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1'S FORECLOSURE OF 978 PRATT ST, PHILADELPHIA PENNSYLVANIA  19124

THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF

25-15198-djb.
24-252301
MFR

NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1, ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Shariff J O'Grady ("Debtor") filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on December 22, 2025.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On December 15, 2006, Albert O'Grady executed and delivered a Promissory Note and Mortgage securing payment of the Note in the amount of $111,000.00 in favor of Home Funds Direct.  A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded January 03, 2007 in  Instrument No: 51603318 of the Public Records Philadelphia County, Pennsylvania.  A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 978 PRATT ST, PHILADELPHIA Pennsylvania  19124,(the "Property").

6. The parties entered into a Loan Modification ("Agreement") on September 12, 2022, creating a new principal balance of $112,934.48. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to THE BANK OF NEW YORK MELLON, FORMERLY

KNOWN AS THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1 and same recorded with the Philadelphia County Recorder of Deeds on January 7, 2025, at Instrument Number 54379639.  A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. Select Portfolio Servicing, Inc. is the servicer of the loan described in the Note and Mortgage and, as such, has the authority to initiate the instant action and any foreclosure on the Creditor's behalf.

9. Based upon the Debtor(s)' Chapter 13 Plan (at Docket No.{19}), the Debtor intends to cure pre-petition payment arrears due Movant through the Chapter 13 Plan and remains responsible for remitting all post-petition payments directly to Movant.  A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "E".

**10.**   Albert O'Grady, ("Co-Debtor"), is also liable on and/or has secured the aforementioned debt jointly with the Debtor(s).

11. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $825.32 and which came due on January 1, 2026 to March 1, 2026 . *see* Exhibit "F".

12. Thus, Debtor(s)' post-petition arrears total $2,475.96 through March 17, 2026.  By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the period alleged above.

13. As of March 17, 2026, the unpaid principal balance due under the loan documents is $112,934.48.  Movant's total claim amount, itemized below, is $145,114.48.  *see* Exhibit "F".

| Principal Balance | $112,934.48 |
|---|---|
| Interest 03/17/26 | $11,745.65 |
| Escrow Advance | $18,564.55 |
| Accum Late Charge | $19.80 |
| Accum Late Charge | $30.00 |
| Recoverable Balance | $1,820.00 |
| Total Payoff | $145,114.48 |

14. Debtor(s)' docketed schedules list the value of the Property as $147,840.00. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "G".

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay} for "cause", which includes a lack of adequate protection of an interest in property Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

16. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

17. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

18. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

19. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to

25-15198-djb.
24-252301
MFR

insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301**}** to permit THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1 to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 3/31/2026

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
Email: mimcgowan@raslg.com

25-15198-djb.
24-252301
MFR

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br>**Shariff J O'Grady**<br>**Debtor** | **CHAPTER:   13** |
| **Debtor(s)** | **CASE NO.     25-15198-djb** |

**DECLARATION OF INDEBTEDNESS**

Property Address:
978 Pratt Street Philadelphia, Pennsylvania 19124

Mortgage Servicer:
Select Portfolio Servicing, Inc

Post-petition mailing address for Debtor(s) to send payment:
Select Portfolio Servicing, Inc.
Attn: Remittance Processing
P.O. Box 65450
Salt Lake City, UT 84165-0450

Mortgagor(s)/Debtor(s):
Shariff J O'Grady

Payments are contractually due:

Monthly ☒ Semi-monthly   ☐ Bi-weekly   ☐ Other N/A

Each Monthly Payment is comprised of:

| | |
|---|---|
| Principal and Interest..... | $396.19 |
| R.E. Taxes...................... | N/A |
| Insurance......................... | $190.23 |
| Late Charge.................... | N/A |
| Other............................. | 238.90    (Specify: N/A) |
| **TOTAL**.......................... | $825.32 |

**POST-PETITION PAYMENTS** (Petition was filed on December 22, 2025)

| Date Received | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| N/A | $0.00 | $825.32 | 01/01/2026 | $0.00 | N/A |
| N/A | $0.00 | $825.32 | 02/01/2026 | $0.00 | N/A |
| N/A | $0.00 | $825.32 | 03/01/2026 | $0.00 | N/A |
| Total: | $0.00 | $2,475.96 | N\|A | $0.00 | N/A |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 03 as of March 17, 2026.
TOTAL AMOUNT OF POST-PETITION ARREARS: $2,475.96 as of March 17, 2026.

I hereby certify, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that I have

examined the information in the foregoing, and have a reasonable belief that the information

contained herein is true and correct.

Dated: 03/26/2026

**Select Portfolio Servicing, Inc.**
**3217 S. Decker Lake Drive**
**Salt Lake City, Utah 84119**

_____
Mortgage Company

**Doreen Luamanuvae**
**Doc. Control Officer**
_____
(Print Name and Title)

SALT LAKE COUNTY _____ 03/26/26
Location                     Signature